ERICH MILDENBERG, Commissioner of Banking
You have requested my opinion whether the establishment of a Junior Achievement Bank in various high schools in the state of Wisconsin would be unlawful banking business prohibited by sec.224.03, Stats. The school banking program would be "chartered" by a parent non-profit Junior Achievement Corporation already in existence. The proposed Junior Achievement school bank would apparently pay salaries, operating expenses and divide up profits with shareholders. Under the proposals, the Junior Achievement school bank would either be an agent of the individual school depositors, or of the sponsoring state or national banks.
Section 224.03, Stats., states in part:
"It shall be unlawful for any person, copartnership, association, or corporation to do a banking business without having been regularly organized and chartered as a national bank, a state bank, a mutual savings bank, or a trust company bank."
The term "banking" is defined in part in sec. 224.02, Stats.:
"The soliciting, receiving, or accepting of money or its equivalent on deposit as a regular business by any person, copartnership, association, or corporation, shall be deemed to be doing a banking business * * *."
It is clear that the only business, and therefore the "regular business" of the Junior Achievement school bank would be that of banking transactions. While certain detailed descriptions of the proposed school banks are alluded to in your request, but not forwarded to this office, sufficient information exists to determine that such savings deposit and withdrawal activities constitute banking as a regular business. Even though there is an educational aspect in such school banks and other banking services are not offered, the conducting of even limited banking services such as savings deposits and withdrawals constitute performance of some banking functions and therefore subject it to banking regulations. MacLaren v. State (1910), 141 Wis. 577,124 N.W. 667. Such banking activities on the part of an association or corporation which *Page 256 
is not organized or chartered as a national, state, mutual savings, or trust company bank would be unlawful under sec.224.03, Stats.
The argument of the proponents of this school banking plan that it must be legal since it is being conducted in other jurisdictions without state regulation is not persuasive. The extent to which other states enforce their banking regulations has no effect on the implementation of Wisconsin's banking regulations.
Should the proposed Junior Achievement school banks operate as agents of the sponsoring state bank, with direct deposit relationship to such state bank, sec. 221.04 (1) (j), Stats., controlling branch banking, would also apply. It would seem prudent for nationally chartered banks to consider whether federal branch banking law similarly applies in their situation.
RWW:LEN